UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| C.H. ROBINSON WORLDWIDE, INC., | ) | |
| | ) | |
| Cross Claimant, | ) | |
| | ) | No. 4:24-cv-00010-SEB-KMB |
| v. | ) | |
| | ) | |
| CHI LOGISTICS, INC., | ) | |
| | ) | |
| Crossclaim Defendant. | ) | |

**ORDER GRANTING THIRD PARTY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendant and Cross Claimant C.H. Robinson Worldwide, Inc. ("CHRW") filed a third-party complaint against Crossclaim Defendant CHI Logistics, Inc. ("CHI Logistics") seeking damages for breach of contract. On January 8, 2025, the Clerk of Court entered a default against CHI Logistics "for failure to plead or otherwise defend in this action." Dkt. 88. Now before the Court is CHRW's Motion for Default Judgment [Dkt. 101] against CHI Logistics, which seeks an award in the amount of $161,227.48. For the reasons detailed below, CHRW's motion for default judgment <u>GRANTED</u>.

**Facts Established by the Complaint**

The following facts are set forth in CHRW's third party complaint and are taken as true in light of CHI Logistics' default:

In its capacity as a licensed property broker, CHRW arranged for motor carrier CHI Logistics to transport a shipment of Skechers shoes, Load No. 445872491 (the "Subject Load"), on behalf of the original plaintiff in this litigation, Shoe Sensation, Inc.

1

CHRW assigned the Subject Load to CHI Logistics via CHRW's proprietary "Navisphere" platform,[1] under a standard contract that required CHI Logistics to securely maintain its access credentials and prevent unauthorized use of the platform.

By entering and accepting the Navisphere Terms and CHRW Website Terms, CHI Logistics agreed to protect its Navisphere account, credentials, and information from unauthorized use and agreed not to violate these obligations.  In addition, in the event of its breach of either the Navisphere Terms or the CHRW Website Terms, CHI Logistics agreed to indemnify CHRW from any claim or demand resulting from any violation arising out of CHI Logistics' use of Navisphere or any other CHRW application.

CHI Logistics breached the Navisphere Terms and CHRW Website Terms by failing to protect its account information and keep its Navisphere login credentials secure, allowing a third-party criminal actor to access CHRW's Navisphere system using CHI Logistics' login credentials.  As a result of the breach of CHI Logistics' Navisphere account, CHRW engaged with imposters posing as CHI Logistics and entered into fraudulent contracts for the arrangement for motor carriage of the Subject Load from California to Indiana.  As a result, the Subject Load was tendered to a fraudulent motor carrier acting as CHI Logistics, resulting in the theft of the Subject Load.  The penetration of the system could not have occurred if CHI Logistics had properly protected its accounts pursuant to the Navisphere Terms and CHRW Website Terms.  As a direct result, CHRW suffered loss, including the costs of defending the instant action and settlement

---

[1] Motor carriers like Chi are able to use their respective confidential Navisphere account credentials to submit bids to provide motor carriage on shipments posted on CHRW's load board.

payment to Shoe Sensation, Inc. Pursuant to the Navisphere Terms and the CHRW Website Terms, CHRW is entitled to be defended, indemnified, and held harmless, including costs and attorney fees by CHI Logistics from and against all losses, harm, damages, and claims arising from or in connection to its use of the CHRW website and Navisphere.

## Legal Analysis

### I. Rule 55 Standard

Federal Rule of Civil Procedure 55 creates a two-step default process. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, an entry of default must be requested and entered by the Clerk. Fed. R. Civ. P. 55(a). "[U]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food*, 811 F.3d at 255. Second, after obtaining default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). But "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* (citation omitted). A district court "must … conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (citation omitted).

3

## II. Liability

Here, the Clerk of Court entered default against CHI Logistics on January 8, 2025. The Court thus takes the complaint's well-pled allegations of liability as true. *VLM Food*, 811 F.3d at 255. CHRW's allegations, to wit, that CHI Logistics entered into terms with CHRW requiring CHI Logistics to safeguard its confidential Navisphere login credentials, that CHI Logistics failed to do so, and that, as a result, CHRW was damaged when the Subject Load was stolen, establish liability on the part of CHI Logistics for breach of the Navisphere Terms and CHRW Website Terms. Accordingly, the Court turns next to address the relief to which CHRW is entitled. *See* Fed. R. Civ. P. 55(b).

## III. Damages

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citations omitted). "[O]nce the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the Court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.* Because "damages must be proved unless they are liquidated or capable of calculation," *Wehrs*, 688 F.3d at 892, the Court is required to hold a damages hearing unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602 (citation and quotation marks omitted). Here, the declaration submitted

4

in support of CHRW's motion for default judgment are sufficiently detailed to render a hearing unnecessary.

Heather Woods, CHRW's Director of Risk Management, submitted a declaration in support of CHRW's motion for default judgment, averring that, after the Subject Load was stolen, Shoe Sensation submitted a claim to CHRW, assigned Claim No. 261507110, reflecting that the wholesale invoice or purchase cost of the stolen cargo in the Subject Load was $161.227.48.  Exhibits A and B attached to Ms. Woods's declaration are documents provided to CHRW by Shoe Sensation in support of Claim No. 261507110, including an itemized breakdown of the load, invoice costs, and associated documentation for the Subject Load as well as the original Skechers invoices for the Subject Load.  Consistent with Ms. Woods's testimony, the Subject Load's total wholesale or purchase cost of goods is listed in Exhibits A and B as $161.227.48.  Based on this evidence, CHRW is entitled to damages against CHI Logistics in the amount of $161,227.48 for the loss of the wholesale invoice purchase price Shoe Sensation paid to Skechers for the Subject Load.[2]

In addition to compensatory damages, CHRW's third-party complaint seeks attorney fees and costs, to which the Navisphere Terms and CHRW Website Terms provide that CHRW is entitled in the event of CHI Logistics' breach of those agreements.

---

[2] CHRW and Shoe Sensation ultimately settled Shoe Sensation's claims against CHRW through a confidential settlement agreement, which includes the claim related to the Subject Load.  While the total value of the settlement is confidential, included as part of the settlement was an assignment by Shoe Sensation to CHRW of any claims it might have against CHI Logistics stemming from the loss of the Subject Load.

5

However, because CHRW has not set forth in its motion for default judgment a specific amount for attorney fees and costs, we will provide CHRW fourteen (14) days from the date of this Order within which to file a motion for attorney fees and costs with accompanying documentation, if it so chooses.

### IV. Conclusion

For the foregoing reasons, CHRW's motion for default judgment against CHI Logistics is <u>GRANTED</u>. Judgment will be entered in this case in favor of CHRW and against CHI Logistics in the amount of $161,227.48 in damages, together with post-judgment interest as provided by law. To the extent that CHRW seeks to recover its attorney fees and costs, it is ordered to file any such request within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

Date: _____10/24/2025_____          _Sarah Evans Barker_
                                          SARAH EVANS BARKER, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

Heather Gatnarek
Kaplan Johnson Abate & Bird LLP
hgatnarek@kaplanjohnsonlaw.com

Clark Cunningham Johnson
KAPLAN JOHNSON ABATE & BIRD LLP
cjohnson@kaplanjohnsonlaw.com

Kenderick Mason Jordan
Phelps Dunbar LLP
kenderick.jordan@phelps.com

Alexandra Anna Lyons
Marwedel, Minichello & Reeb, P.C.
alyons@mmr-law.com

Andrew F. Marquis
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
amarquis@scopelitis.com

Robert L. Reeb
MARWEDEL MINICHELLO & REEB PC
rreeb@mmr-law.com

Paul D Root
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
proot@scopelitis.com

Gene F. Zipperle, Jr.
WARD, HOCKER & THORNTON, PLLC
GZipperle@whtlaw.com